**Edward JOHN, Plaintiff-Appellant,**

v.

**Albert HURT, Defendant-Appellee.**

**No. 73–1547.**

United States Court of Appeals,
Seventh Circuit.

Nov. 16, 1973.

Edward John, in pro. per.

Albert E. Hurt, Decatur, Ill., for defendant-appellee.

Before FAIRCHILD, CUMMINGS, and PELL, Circuit Judges.

PER CURIAM.

Plaintiff appealed from a judgment dismissing his complaint. Although the appeal was once dismissed, we confirm

our order of October 12, 1973, reinstating the appeal, and consider it on its merits, but without oral argument. Rule 2, F.R.A.P. Plaintiff's application for appointment of counsel is denied.

■ Plaintiff is an inmate of a state prison and is not represented. He sent his "complaint," "affidavit in forma pauperis," and other sheets of paper, variously entitled, to the district court. His pleading is to be held "to less stringent standards than formal pleadings drafted by lawyers" and the test is whether "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U. S. 41, 45–46 [78 S.Ct. 99, 2 L.Ed.2d 80] (1957)." Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), reh. denied 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819.

The district court permitted filing in forma pauperis, but dismissed on the court's own motion without service of process on defendant.* The district court concluded that there were no facts pleaded by which defendant could be said to have acted under color of state law.

Reading plaintiff's papers together, plaintiff alleged that defendant incompetently represented him as a "court appointed attorney" in a burglary trial before a state court; that plaintiff was found guilty and sentenced to imprisonment; that "defendant is clothed with the authority of state law"; that he deprived plaintiff of sixth amendment rights by giving plaintiff incompetent counsel; and that specifically defendant failed to move to suppress damaging evidence which was introduced at trial, failed to call all witnesses in plaintiff's behalf, and made statements in argument to the jury which involved plaintiff in the charge.

It is now clear, as a result of plaintiff's later submissions, and a letter from defendant to this court concerning the appeal, that defendant was the Public Defender of Macon County, Illinois. In fairness to the district court it must be noted that plaintiff's original papers never expressly referred to defendant as public defender, although the caption of the complaint indicated his address as "Macon County Courthouse Decatur Illinois."

It is at least arguable that a public defender acts under color of state law in his relationship with and representation of an indigent accused person. Although we recognize that after appointment in a given case, the professional relationship of the public defender with his client is similar to that of a private attorney with his client, the public defender ordinarily enjoys continuing employment by a unit of government, is often furnished an office as well as compensation, and appears to his client, as well as others, as a person cloaked with the authority of the state. See, in the context of a criminal charge against a public defender acting under color of law, United States v. Senak, 477 F.2d 304 (7th Cir. 1973).

Assuming that defendant, as public defender, was acting under color of state law, plaintiff would still have to establish that defendant subjected him to the deprivation of a sixth amendment right. Looking at the complaint with required liberality, we can not say with assurance that plaintiff can adduce no facts to prove that defendant's alleged failures turned the state trial into a "sham or mockery" or at least "blotted out the essence of a substantial defense." United States ex rel. Little v. Twomey, 477 F.2d 767, 773 (7th Cir., 1973); Scott v. United States, 138 U.S.App.D.C. 339, 427 F.2d 609, 610 (1970).

---

* Unlike the plaintiff in *Dear v. Rathje*, 485 F.2d 558 (7th Cir. 1973), John did not move for the issuance of summons to defendant, and his indigent complaint was dismissed before *Dear* was handed down. Accordingly, we need not vacate the district court's dismissal order.

■ Assuming, however, that defendant could be deemed to be acting under color of state law, and allowing for the possibility that plaintiff's proof might demonstrate such incompetency as to amount to deprivation of sixth amendment rights, we think that, as a matter of law, defendant is immune from liability for damages, and plaintiff's complaint must fail.

■ The legislative history of 42 U.S.C. § 1983 does not indicate that Congress intended to "abolish wholesale all common law immunities." Pierson v. Ray, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1966). In part because of the same factors which lead us to think that state subsidized and appointed public defenders can act under color of state law, we conclude that public defenders, like state prosecutors, and state and city attorneys, enjoy a qualified immunity for acts performed in the discharge of their official duties. Brown v. Joseph, 463 F.2d 1046, 1048 (3rd Cir., 1972), cert. denied, 412 U.S. 950, 93 S.Ct. 3015, 37 L.Ed.2d 1003. See Arensman v. Brown, 430 F.2d 190, 193 (7th Cir., 1970). We note that the extension of immunity to public defenders will encourage their free exercise of discretion in the performance of professional obligations, as well as aid in the recruitment of able men and women for public defender positions. See Brown v. Joseph, supra, 463 F.2d at 1048–1049.

As contrasted with the indictment in United States v. Senak, supra, there are no factual allegations in the complaint at bar, even when construed broadly, which indicate that the acts complained of fall beyond the scope of defendant's immunity. In deciding whether to object to evidence, whether to call a particular witness, and how to address the jury, the public defender was performing acts within the scope of his employment. Although it may be established under the pleadings that defendant made gross errors of judgment, we note that there is no allegation that his conduct was intentionally harmful to plaintiff, or otherwise deliberately inconsistent with his obligations to plaintiff so as to be a voluntary excursion outside the scope of his duties. See Hilliard v. Williams, 465 F.2d 1212, 1218 (6th Cir., 1972), cert. denied 409 U.S. 1029, 93 S. Ct. 461, 34 L.Ed.2d 322.

Judgment affirmed.