Maurice TYLER, Plaintiff-Appellant,

v.

Joseph WITKOWSKI,
Defendant-Appellee.

No. 74–1121.

United States Court of Appeals,
Seventh Circuit.

Heard Nov. 22, 1974.

Decided Feb. 26, 1975.

David C. Thomas and Thomas Hecht, Law Student, Chicago, Ill., for plaintiff-appellant.

Bernard Carey, State's Atty. and Fredric B. Weinstein, Asst. State's Atty., Chicago, Ill., for defendant-appellee.

Before CUMMINGS and TONE, Circuit Judges, and WYZANSKI *, Senior District Judge.

PER CURIAM.

This action was brought under the Civil Rights Act (42 U.S.C. § 1983) against a former Assistant State's Attorney of Cook County[1] complaining that plaintiff was falsely imprisoned from May 4, 1971, until May 18, 1971. He sought compensatory damages of $5,000 and punitive damages of $10,000.

On April 15, 1971, plaintiff, Allen Reed and James Davis were arrested in the Southway Hotel and charged with the armed robbery of a Brinks, Inc. truck and the murders of two Brinks truck drivers that had occurred four hours earlier in front of the hotel. The arrests were based substantially on statements of two hotel employees, Mr. Jesse Corner and Mrs. Bernice White. Bail was not initially permitted.

On May 4, these two witnesses purportedly retracted their former identification of plaintiff in conferring with his then counsel, James Montgomery. This caused a municipal court judge to set plaintiff's bail at $5,000 on May 6th, and he was released on bail on May 18th. The false imprisonment charged occurred during the fortnight between the retractions by the two witnesses and the plaintiff's release on bail. On May 21st, pursuant to defendant's motion, charges against plaintiff were stricken with leave to reinstate.[2]

In an unreported memorandum opinion, the district judge granted summary judgment for defendant. As stated by plaintiff on appeal, "The District Court concluded not only that the Defendant was immune from civil liability, but also that 'uncontradicted facts' support a finding of good faith sufficient to release defendant from all liability" (Appellant's Br. 21).

■ As this Court said in Hampton v. City of Chicago, Cook County, Illinois, 484 F.2d 602, 607, certiorari denied, 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471:

"The claim of immunity must not be confused with the defense of good faith. That defense is available to a person who, either because of his position or because of his conduct, is not immune from suit. See Pierson v. Ray, 386 U.S. 547, 557, 87 S.Ct. 1213, 18 L.Ed.2d 288."

Accordingly, if this Court upholds the claim to immunity, we need not reach the good faith issue.

■ In determining whether an official is immune from civil liability for certain alleged action, the proper focus is upon the character of the defendant's conduct rather than his motivation. Hampton v. City of Chicago, Cook County, Illinois, *supra,* at 608; Robichaud v. Ronan, 351 F.2d 533, 536–537 (9th Cir. 1965); see Comment, Civil Rights—Section 1983—Prosecuting Attorney Held Immune From Civil Liability for Violation of Civil Rights Act, 42 N.Y.U.L.Rev. 160, 162–163 (1967). Therefore, if the conduct charged in plaintiff's complaint is within the scope of a prosecutor's normal function, he is cloaked with quasi-judicial immunity from civil liability under the Civil Rights Acts. Hampton v. City of Chicago, Cook County, Illinois, *supra,* 484 F.2d at 608–609; Littleton v. Berbling, 468 F.2d 389, 409–410 (7th Cir. 1972), reversed on other grounds sub nom. O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674.

■ Plaintiff's complaint does not assert that the defendant never had any

* Senior District Judge Charles Edward Wyzanski, Jr. of the District of Massachusetts is sitting by designation.

1. The Sheriff of Cook County and the Executive Director of the Cook County jail were dismissed as defendants on April 5, 1973, and summary judgment was subsequently granted to the State's Attorney of Cook County. Plaintiff does not appeal these rulings.

2. Plaintiff never moved to dismiss the charges.

 

evidence sufficient to hold plaintiff; rather it alleges that after the retractions by the two eye-witnesses, defendant violated plaintiff's civil rights by not acting immediately to drop the charges against him, thereby securing his release.[3] However, defendant was not assigned responsibility for the case until May 10th, eight days before plaintiff's release. A prosecutor is entitled to a reasonable period to study charges made against an accused. The 8-day period here was patently permissible on this record. As Judge McGarr stated:

"The crime charged was extremely serious. Bond reduction had been refused. At first, the State's evidence seemed conclusive. The withdrawal of statements of Jesse Corner and Bernice White obviously diminished the State's case, but left a considerable amount of circumstantial evidence, including the statements of Gloria Burrell, Rodney Burrell, Eleanor Means, Freeman Rice, Elizabeth Shavers, and Edward Howard. In addition, prosecutor Witkowski had reason to believe that there may have been some pressure or duress involved in the withdrawal of the two identifications and reasonably took time to investigate this possibility. Thus, defendant Witkowski's actions were within his prosecutorial discretion and he is immune from a suit for damages such as sought herein by the plaintiff."

In our view, plaintiff's complaint assails conduct that is clearly within the scope of the prosecutor's normal function. Defendant was not engaged in "investigatory activities normally performed by laymen, such as police officers." Hampton v. City of Chicago, Cook County, Illinois, *supra,* 484 F.2d at 608; see also Duba v. McIntyre, 501 F.2d 590, 592 (8th Cir. 1974). Indeed, the decision whether insufficient evidence remains to support an existing charge after retractions are procured from admittedly key witnesses is one that cannot be made by a layman, but only by a prosecutor in the exercise of his quasi-judicial discretion. See Imbler v. Pachtman, 500 F.2d 1301 (9th Cir. 1974).[4]

Order affirmed.

---

3. We reject defendant's proposition that the complaint fails to state a cognizable claim under the Civil Rights Act. The complaint adequately makes out a claim for deprivation of liberty without due process of law.

4. In Whirl v. Kern, 407 F.2d 781 (5th Cir. 1969), certiorari denied, 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177, on which plaintiff relies, the defendant was a sheriff, so that prosecutorial immunity was not involved.