James **BEAVER** and Doris Beaver,
Plaintiffs,

v.

Bernard **CAREY** et al., Defendants.

No. 76 C 3340.

United States District Court,
N. D. Illinois, E. D.

Jan. 18, 1977.

Jeffrey Schulman, Joseph L. Dombrowski, Chicago, Ill., for plaintiffs.

J. Marvin Montgomery, Baton Rouge, La., John Dienner, III, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the motions of defendants to dismiss plaintiffs' complaint for failure to state a claim. For the reasons hereinafter stated, the complaint shall be dismissed.

The plaintiffs have invoked this court's jurisdiction under 28 U.S.C. §§ 1343 and 1331. It is alleged that defendants Bernard Carey, Timothy Higgins, and Lonnie Miles violated 42 U.S.C. §§ 1983 and 1985 and the fourth, fifth, and fourteenth amendments to the United States Constitution. Plaintiffs further allege an amount in controversy in excess of $15,000 (sic) and that defendants committed the following actions under color of state law and in their official capacity.

Defendants Higgins and Miles are public defenders and were appointed to represent a client in a criminal action in Louisiana. Pursuant to the defense of their client, they filed motions in Louisiana to obtain the plaintiffs as witnesses there. These motions, filed pursuant to the "Uniform Act to Secure the Attendance of Witnesses from Within or Without a State in Criminal Proceedings," [1] (Uniform Act), were granted by Judge Leon Ford, III who then issued certificates recommending that plaintiffs be taken into custody. Said certificates were forwarded to defendant Carey, State's Attorney of Cook County, or one of his associates, who then presented same to Judge Richard J. Fitzgerald, presiding judge of the Criminal Division of the Circuit Court of Cook County, Illinois. Judge Fitzgerald issued summonses and orders directing that plaintiffs be taken into custody and, as a result, plaintiffs were placed in Cook County Jail.

Plaintiffs complain because the motions filed by Higgins and Miles failed to allege any facts showing plaintiffs were material and necessary witnesses in the Louisiana action. Plaintiffs further allege that these two defendants recommended that plaintiffs be taken into immediate custody without probable cause or verification to believe that plaintiffs would not attend the Louisiana trial unless they were in custody. In addition, plaintiffs assert that Carey, or one of his agents, presented the aforementioned certificates signed by Judge Ford to Judge Fitzgerald without knowledge of the truth of said certificates.

Plaintiffs maintain that the aforesaid actions of Higgins, Miles, and Carey resulted in plaintiffs' arrest and incarceration without bond or a hearing. Plaintiffs further allege that they were required to employ legal counsel to secure their release and suffered humiliation and degradation as a result of their incarceration without being charged with a crime. Actual damages in the amount of $100,000 are sought as well as punitive damages in the amount of $1,000,000.

Defendant Carey has moved to dismiss the complaint for failure to state a claim. He argues that there are no allegations of personal involvement on his part and that the complaint should be dismissed as the doctrine of respondeat superior is inapplica-

1. See Ill.Rev.Stat. ch. 38, § 156–1 *et seq.* and La.C.Cr.P. art. 741 *et seq.*

ble to the instant complaint.[2] Carey further maintains that he is immune from liability. Finally, he contends that plaintiffs have admitted that they have no cause of action against him.[3]

Defendants Higgins and Miles have likewise moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. They maintain that they have not acted under color of state law.[4] Alternatively, Higgins and Miles contend that they are immune.

In response to defendants' motions, plaintiffs assert that they have stated a claim as defendants failed to properly allege any facts before Judges Ford and Fitzgerald showing the necessity of taking the plaintiffs into custody. They further argue that defendants are not immune from liability as they were not conducting themselves within their traditional roles.

■ Accepting plaintiffs' factual allegations as true, the court is of the opinion that a claim has not been stated against Higgins, Miles, or Carey. Plaintiffs maintain that defendants' actions pursuant to the Uniform Act caused plaintiffs to be arrested without probable cause and without due process. A review of the Act and relevant cases reveals, however, that it was Judges Ford and Fitzgerald who had the authority to issue the certificates, summonses and orders which resulted in the "arrests". The judges alone determine materiality and necessity. *See State v. Chavers,* 294 So.2d 489, 493 (La.1974), *cert. denied,* 419 U.S. 1111, 95 S.Ct. 786, 42 L.Ed.2d 808 (1975); *People v. Nash,* 36 Ill.2d 275, 280–81, 222 N.E.2d 473, 476 (1966), *cert. denied,* 389 U.S. 906, 88 S.Ct. 222, 19 L.Ed.2d 223 (1967);

*Proceedings to Compel Attendance of Grothe,* 59 Ill.App.2d 1, 208 N.E.2d 581 (1st Dist. 1965).

■ Assuming arguendo that a claim has been stated under 42 U.S.C. § 1983[5] and/or 28 U.S.C. § 1331, the court is further of the opinion that these defendants are immune from monetary damages on the facts pleaded. Plaintiffs allege that Higgins and Miles filed motions to secure plaintiffs as defense witnesses in Louisiana in the course of defendants' official duties thereby causing a deprivation of constitutional rights. Public defenders, however, enjoy a qualified immunity for acts performed within the scope of their official duty. *John v. Hurt,* 489 F.2d 786 (7th Cir. 1973). That is, public defenders are immune from damage actions which seek relief for acts which were performed in the discharge of their duty as public defenders. *Id.* at 788 and cases cited. Such is clearly the situation here. Plaintiffs' complaint specifically alleges that plaintiffs were sought as witnesses by Higgins and Miles pursuant to the defense of their client.

The fact that the instant suit has been filed pursuant to the fourth, fifth, and fourteenth amendments is not sufficient to distinguish the instant case from those referred to above. The immunity enjoyed by public defenders does not depend upon which constitutional right is allegedly violated. Nor is the instant case controlled by *Hampton v. City of Chicago, Cook County, Illinois,* 484 F.2d 602 (7th Cir. 1973), *cert. denied,* 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974). In that case, the court refused to apply the immunity doctrine as it

2. Carey has filed an affidavit in support of his position. The court will ignore it. *See* Fed.R. Civ.P. 12(b)(6).

3. In their memorandum in opposition to defendants, plaintiffs state that Judge Fitzgerald could not be a proper defendant as he was bound by Illinois law, Ill.Rev.Stat. ch. 38, § 156–2, to accept the Louisiana action as true. Carey contends that he was similarly bound.

4. Defendants' argument appears to be that Judges Ford and Fitzgerald were responsible

for the actions of which plaintiffs complain and that the judges, if anyone, are therefore the proper defendants here.

5. The court need not assume arguendo that a claim has been stated under 42 U.S.C. § 1985. Plaintiffs do not allege a conspiracy. There are no allegations as to the denial of equal protection nor of class-based invidiously discriminatory animus.

was unclear that the prosecutors were performing their traditional "quasi-judicial" duties. *Id.* at 608–09. Here, on the other hand, it is clear from the face of plaintiffs' complaint that Higgins and Miles were in fact so doing.

Plaintiffs allege that Carey presented the certificates issued by Judge Ford to Judge Fitzgerald without knowledge of their truth thereby causing a deprivation of plaintiffs' constitutional rights. For the reasons stated above, the court concludes that this defendant is likewise immune. Clearly the state's attorney was also exercising duties within the scope of his normal function. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Tyler v. Witkowski,* 511 F.2d 449 (7th Cir. 1975).

For the reasons stated, it is therefore ordered that defendants' motions shall be, and the same are hereby, granted and the action is dismissed.