Larry D. RONNEI, Appellant,

v.

Robert BUTLER, Russ Berehends, Richard Tebbee, Calvin Auger, and Donald Eighleberger, Appellees.

No. 78–1674.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1979.

Decided May 15, 1979.

Larry D. Ronnei, pro se.

Thomas J. Miller, Atty. Gen., Gary L. Hayward, Asst. Atty. Gen., Des Moines, Iowa, for appellees.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Larry Ronnei, who at the time relevant hereto was an inmate at the Iowa State Men's Reformatory, appeals from the district court[1] order dismissing as frivolous his complaint alleging infringement of civil rights under 42 U.S.C. § 1983. We affirm.

Taking as true all facts alleged in appellant's complaint, it appears that on or about August 9, 1978, appellant was working in the "yard office" at the prison. A bat flew into the office in the general direction of appellant. Appellant put up his hands to protect his face and was bitten several times on the hand. Another inmate captured the bat and placed it in a container. Appellant told the inmate to give the bat to the officers in charge and to tell them it had bitten appellant. Appellant told some other officers that he had been bitten and they directed him to the infirmary. There, his wound was cleansed and he was told to report back to sick call. He reported to sick call that night and an Iowa City physician examined him. The doctor told him that a shift captain had flushed the bat down a toilet. The next day appellant was taken to an Iowa City hospital and was told that he would have to take rabies shots because the bat had been destroyed and could not be tested for rabies. Several days later, appellant suffered headaches and nausea, which was diagnosed as an allergic reaction to the rabies shots.

On September 6, 1978, appellant filed the instant complaint in district court against the warden (Auger), the housekeeping supervisor (Tebbee), the quarters supervisor (Eighleberger), and two shift captains (Butler and Berehends). The court granted appellant's motion to proceed *in forma pauperis,* but dismissed the complaint as frivolous. Appellant took this timely appeal.

At the outset it should be noted that appellant's complaint does not allege a number of things. First, he does not allege that the prison is infested with bats or other vermin or that any other inmates have been subjected to attacks by bats. Second, appellant does not contend that the medical treatment afforded him was inadequate under the standards of *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), nor does he even allege that his nausea and headaches resulted

1. The Honorable Edward J. McManus, Chief Judge of the United States District Court for the Northern District of Iowa.

from improper treatment or diagnosis. His sole allegation is that a shift captain flushed the bat down a toilet, thereby preventing a test of the bat for rabies, thereby compelling him to undergo rabies shots, from which he became ill.

■ With the issue thus focused, it is clear that no cause of action has been stated with regard to appellees Auger, Tebbee or Eighleberger. They are not alleged to have done any act personally which caused injury to appellant. Because the doctrine of respondeat superior does not apply to claims arising under 42 U.S.C. § 1983, *see, e. g., Rizzo v. Goode,* 423 U.S 362, 370–71, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Cotton v. Hutto,* 577 F.2d 453, 455 (8th Cir. 1978), appellant has failed to allege any basis for liability against these named appellees.

■ With regard to Butler and Berehends, they are shift captains and appellant's complaint alleges that a doctor told him that a shift captain had flushed the bat down a toilet. However, appellant's complaint, even when construed liberally in his favor, alleges nothing more than negligent or inadvertent conduct. His complaint may reflect a colorable tort claim in state court, but falls short of stating facts sufficient to make out a colorable claim of federal constitutional magnitude. In addition, as prison officers, Butler and Berehends are entitled to good faith immunity in suits brought under 42 U.S.C. § 1983. *Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978).[2] There is nothing in appellant's complaint, or inferable therefrom, which indicates that he was the victim of intentional or purposeful denial of constitutional rights.

Accordingly, the order of the district court is affirmed.

---

**2.** This case does not present the question whether negligent conduct can ever state a cause of action under 42 U.S.C. § 1983. This question was specifically left undecided in *Procunier v. Navarette, supra.*