Emmett SPEED, Jr., Plaintiff,

v.

Carl ADAMS, M.D., and Henry Cowan, Warden, Cummins Unit, Arkansas Department of Correction, Defendants.

No. PB–C–80–105.

United States District Court,
E. D. Arkansas,
Pine Bluff Division.

Dec. 1, 1980.

Emmett Speed, Jr., pro se.

Steve Clark, Atty. Gen., of Arkansas, by Robert J. DeGostin, Jr., Asst. Atty. Gen., Little Rock, Ark., for defendants.

### MEMORANDUM OPINION AND ORDER.

HOWARD, District Judge.

The plaintiff, Emmett Speed, Jr., an inmate at the Cummins Unit of the Arkansas Department of Correction, has filed a complaint against Dr. Carl Adams, medical doctor for the Arkansas Department of Correction, and Henry Cowan, warden, Cummins Unit of the Arkansas Department of Correction, under Title 42 U.S.C. § 1983.

The complaint alleges essentially that plaintiff has been denied medical treatment for his leg pain and dislocated hip; that although he is obese and is totally disabled, he has been given a job assignment, requiring plaintiff to stand twelve (12) hours a day and seven days a week; that as a direct consequence of his work assignment, plaintiff's leg and hip conditions are aggravated; and that Dr. Carl Adams is aware of his

predicament, but has failed to take any corrective action medically. The complaint further alleges that Henry Cowan is "allowing this to go on."

The verified answer of Dr. Carl Adams alleges:

"On October 29, 1979, Emmett Speed Jr. received his initial physical examination and his weight was 350 pounds. He was unable to squat.

"Based upon this physical examination, Speed was medically classified as A–3 Inside, limited marked obesity, HVD (Hypertensive Vascular Disease), Congenital hip joint dislocation, (maybe a diabetic, also) no running or squatting.

"X–Rays were taken of both hips and it was noted that subject had calcium calcifications and spurs in the region of both fermoral necks and autotubular sockets. A chest x–ray was also ordered and Speed was referred to sick call on November 2, 1979.

"On October 1, 1979, a special pair of shoes (size 15) were ordered for subject and our cost was $51.79. On January 14, 1980 another pair of shoes (size 15) were ordered and delivered to Inmate Speed, our cost was $36.05. Two (2) pair of boots are on order to this inmate, but have not been received yet.

"On January 22, 1980 Inmate Speed complained of joint pains and received pain capsules and an anti–inflamatory. I requested he see the eye doctor. He was subsequently examined and a prescription was written for the glasses.

"On March 14, 1980 Inmate Speed requested dental care and he was referred to the dentist.

"Since March 14, 1980 we have not received any complaints from Inmate Speed about his legs hurting, other than his joint pains."

Defendants have also moved for summary judgment stating that plaintiff's complaint does not allege a cause of action. Plaintiff, in response to the motion for summary judgment, has filed a pleading captioned "Traverse to the Return." In this pleading, plaintiff states that he was denied medical treatment from January, 1980, to May 16, 1980; and that he did not receive "medical [aid] . . . until his complaint was filed against the defendants." Plaintiff further alleges that while Dr. Adams suspected that plaintiff was a diabetic, Dr. Adams has not taken any diagnostic steps to confirm or deny his suspicions.

The record does not contain Speed's official medical records.

Rule 56(c) of the Federal Rules of Civil Procedure provides in relevant part:

"The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

See: *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

In *Windsor v. Bethesda General Hospital*, 523 F.2d 891 (8th Cir. 1975), the Court in articulating the standard to be observed in considering a motion for summary judgment stated:

"Summary judgment is an extreme remedy, one which is not to be entered unless the movant has established his right to a judgment with such clarity as to leave no room for controversy and that the other party is not entitled to recover under any discernible circumstances."

In *Percival v. General Motors Corporation*, 539 F.2d 1126 (8th Cir. 1976), the Court also commented:

"In passing upon such a [summary judgment] motion the court is required to view the facts in the light most favorable to the party opposing the motion and to give to that party the benefit of all reasonable inferences to be drawn from underlying facts."

The standard which must be applied to the *pro se* complaint of the plaintiff in determining whether it states a cause of action is discussed in *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Court said in *Estelle* :

" ... [A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "

*See Also: Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

In order to state a claim cognizable under § 1983, a prisoner must allege acts or omissions sufficiently harmful to demonstrate deliberate indifference to serious medical needs. The Court in *Estelle v. Gamble,* supra, observed that the indifference may be manifested by prison doctors in their response to a prisoner's needs or by prison guards by intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

After carefully reviewing the record, the Court cannot perceive that there is no fact question involved in this proceeding and, consequently, holds that a summary judgment is not proper as far as the complaint relates to Dr. Adams, the medical doctor for the Arkansas Department of Correction.

The plaintiff's only claim against defendant Henry Cowan is that he is "allowing this to go on." The plaintiff does not allege that Cowan has committed any act personally to cause him injury. Mr. Cowan was presumably named as a defendant because he was warden of the Cummins Unit during the time in question and, consequently, the immediate superior of defendant Adams. The doctrine of respondeat superior does not, however, apply to claims arising under 42 U.S.C. § 1983. *Rizzo v. Goode,* 423 U.S. 362, 370–71, 96 S.Ct. 598, 603–604, 46 L.Ed.2d 561 (1976); *Ronnei v. Butler,* 597 F.2d 564, 566 (8th Cir., 1979); *Cotton v. Hutto,* 577 F.2d 453, 455 (8th Cir., 1978). The plaintiff does state that he informed prison officials of the aggravation caused to his physical condition as a consequence of his job assignment; and such officials refused to take any corrective action.

For the reasons stated above, it is

ORDERED (1) the motion of defendant, Dr. Carl Adams, for summary judgment should be, and it is hereby, denied. It is further

ORDERED (2) that plaintiff's complaint against Dr. Carl Adams be remanded to the Magistrate for a hearing on the merits. It is further

ORDERED (3) that the Magistrate's recommendation that this action be dismissed as to defendant Cowan be, and it is hereby, approved; accordingly, this action is dismissed as to Henry Cowan, warden.