**Larry CHAMBERS, Appellant,**

v.

**Philip KAPLAN, Appellee.**

**No. 80–2050.**

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1981.

Decided May 20, 1981.

Larry Chambers, pro se.

Philip E. Kaplan, John M. Bilheimer, Kaplan, Brewer & Bilheimer, P. A., Little Rock, Ark., for appellee.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and STEPHENSON, Circuit Judge.

PER CURIAM.

On October 9, 1980, Larry Chambers, an inmate of the Cummins Unit of the Arkansas Department of Corrections, filed a 42 U.S.C. § 1983 complaint which named Philip E. Kaplan as sole defendant. Kaplan is an attorney in private legal practice in Little Rock who was appointed by the federal district court (then Chief District Judge Henley) to represent a class of inmates in a civil prison conditions lawsuit brought against the Arkansas Department of Corrections, *Finney v. Mabry*, PB–69–C–24. Chambers' complaint expresses dissatisfaction with Kaplan's representation and details a variety of objectionable prison conditions which Kaplan allegedly failed to take any action upon. The complaint asked that the district court: (1) dismiss Kaplan and replace him with another attorney, and (2) award Chambers $50,000 in damages against defendant Kaplan.

The district court[1] dismissed the complaint for failure to state a claim, citing *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980), for the proposition that "there is no constitutional or statutory right to effective assistance of counsel in a civil case."[2]

---

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

2. The district court further ordered that the complaint be filed in *Finney v. Mabry*, PB–69–

In this appeal Kaplan contends that the district court's dismissal of Chambers' section 1983 suit was proper because (1) Kaplan took no actions under color of state law and (2) Chambers failed to allege specific actions by Kaplan which had the effect of violating Chambers' constitutional rights.

Although this court recently held that an attorney in a county-or state-funded public defender's office acts under color of state law in representing indigent defendants, it adhered to the "often-stated rule that a private attorney appointed by a state court to represent an indigent defendant does not act under color of state law." *Dodson v. Polk County*, 628 F.2d 1104, 1106 n.2 (8th Cir. 1980), *cert. granted sub. nom.,* —— U.S. ——, 101 S.Ct. 1478, 67 L.Ed.2d 612 (1981).[3] The "dispositive point" for *Dodson's* holding that county or state public defenders act under color of state law was that the attorneys involved there were employees of the county, and the county, in turn, is merely a creature of the state. *Id.* at 1106.

Here, Kaplan is a private attorney who was appointed by a federal district court to represent Arkansas inmates *against* the Arkansas Department of Corrections. Kaplan concedes that state funds pay his fees, but this fact alone does not transform Kaplan's actions taken on behalf of the inmates into state action. We are persuaded that defendant Kaplan did not act under color of state law. The dismissal of Chambers' section 1983 action is affirmed.

Affirmed.

---

C–24, a consolidated class action lawsuit which challenged prison conditions in the institutions within the Arkansas Department of Corrections. A formal consent decree was entered on October 5, 1978, and is reported at *Finney v. Mabry*, 458 F.Supp. 720 (E.D.Ark.1978).

**3.** *See also McCord v. Bailey*, 636 F.2d 606, 613 (D.C.Cir.1980); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980).