Ralph C. REINEMAN, et al., Plaintiffs,

v.

VALLEY VIEW COMMUNITY SCHOOL DISTRICT # 365–U, et al., Defendants.

No. 81 C 2053.

United States District Court, N. D. Illinois, E. D.

April 16, 1982.

See also 527 F.Supp. 661.

Jeffrey J. Knuckles, Fawell, James & Brooks, Naperville, Ill., for plaintiffs.

Wayne B. Giampietro, Gregory N. Freerksen, DeJong, Poltrock & Giampietro, Chicago, Ill., for defendants Village of Bolingbrook and Richard Ellingsworth.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Ralph C. and Anna L. Reineman ("Reinemans") originally sued individually and as parents and next friend of their son William Reineman ("William") in a multi-count Complaint against Valley View School District # 365–U (the "School District"), the Village of Bolingbrook, Illinois (the "Village") and officials of each. Reinemans' claims against the Village and one of its employees, police officer Richard Ellingsworth ("Ellingsworth"), were stated in Complaint Counts I and IV and stemmed from two separate arrests of William by Ellingsworth.

On November 4, 1981 this Court granted motions by Ellingsworth and the Village to dismiss Count I but denied their motions as to Count IV. Then on December 31, 1981 their motions for summary judgment as to Count IV (which had been in the briefing stage on November 4) were granted. Ellingsworth and the Village have now moved for an award of attorneys' fees under 42 U.S.C. § 1988 ("Section 1988") (Reinemans' unsuccessful claims having been grounded in 42 U.S.C. § 1983). For reasons stated in this memorandum opinion and order, that motion is denied.

This Court will not repeat the allegations of Reinemans' claims or the facts that led to summary judgment against them. *See, Reineman v. Valley View Community School District # 365–U*, 527 F.Supp. 661, 663–64 (N.D.Ill.1981) and this Court's December 31, 1981 memorandum opinion and order. Instead this opinion turns directly to the legal principles involved.

■ Section 1988 entitles a prevailing defendant to an award of fees only if the court determines plaintiff's claim was "meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980); *see Hernas v. City of Hickory Hills*, 517 F.Supp. 592 (N.D.Ill.1981). Satisfaction of that strict standard has not been demonstrated here.

■ Complaint Count I contended William's Fourth Amendment rights had been violated by a November 21, 1980 search and a seizure of the knife he was carrying. Ellingsworth and Bolingbrook High School's Dean of Students William Kappmeyer had carried out the search and seizure. This Court granted defendants' motion to dismiss because in the state court criminal case arising out of the November 21 incident, William had unsuccessfully sought to suppress the knife on the same Fourth Amendment grounds advanced in this action. Collateral estoppel therefore barred Count I against Ellingsworth—and by necessity against the Village—under *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), which held that a prior state court decision on a Fourth Amendment motion to suppress prevented relitigation of the issue in a later Section 1983 action.

Count I was thus rejected by definitive controlling authority on all fours. Had Reinemans asserted their claim in the face of well-established adverse precedent, a Section 1988 fee award would plainly have been justified. *Werch v. City of Berlin*, 673 F.2d 192, 195–196 (7th Cir. 1982). But *Allen* was newly-decided when Reinemans sued—and it was a 6–3 decision reversing a Court of Appeals ruling rejecting collateral estoppel.

Those facts counsel leniency here in applying the "groundless and without foundation" test. It should be remembered that Section 1988 awards fees against plaintiffs *personally* and not (like 28 U.S.C. § 1927) against their attorney. It is reasonable to treat factually meritless claims, or claims legally meritless under long-established doctrines, differently from those a change in the law—or even a recent culmination of a prior trend in the case law—has made meritless. No award will be made in Ellingsworth's favor based on Count I.

■ Count IV stands in a somewhat different posture. There Reinemans claimed William's January 28, 1981 arrest by Ellingsworth violated the Fourth Amendment because it was supported neither by probable cause nor by a valid arrest warrant. Summary judgment was granted for Ellingsworth and the Village after they tendered a warrant for the arrest, whose validity Reinemans did not dispute.

Again such facts without more might support a Section 1988 award. But William has stated by affidavit that he had no knowledge of the arrest warrant's existence until it was produced in this litigation. Defendants have offered nothing to call that assertion into doubt.[1] Perhaps Reinemans and their attorney should have investigated the factual basis for their Count IV claim more thoroughly, but on the other side of the coin defendants themselves did not serve William or the Reinemans with the warrant contemporaneously with the arrest or provide it to them soon afterwards. Under the circumstances here Section 1988 should not apply to impose added costs on a good faith—though negligent—oversight in the claim against Ellingsworth.

■ What of the Village? *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) limits its Section 1983 liability by requiring a "custom or policy" of the sort that injured plaintiff—here, an alleged custom of making false arrests. This Court's earlier opinion warned, 527 F.Supp. at 665 (emphasis in original):

> Reinemans ... bear a responsibility for the validity—or at least the colorability— of their allegation that the Village actually *does* have a custom of making false arrests.

It cautioned that if the "custom or policy" claim were *not* colorable, a Section 1988 award of fees might be appropriate.

Reinemans may well have been saved by the bell of Ellingsworth's summary judgment motion. Because the Village (like Ellingsworth) successfully relied on the valid arrest warrant to defeat Count IV, this Court was never called on to decide the colorability of Reinemans' "custom or policy" claim. Mere (albeit strong) suspicion that Reinemans would have been unsuccessful on that score is not enough to support Section 1988 liability, reserved as it is to mulct a plaintiff *proved* to have advanced a groundless claim. There has been no factual determination of that issue here.[2] That defeats the Village's claim.

### Conclusion

Neither Ellingsworth nor the Village has sustained the burden imposed on a winning Section 1983 defendant to tax the losing plaintiff with attorneys' fees under Section 1988. Their motion for such relief is denied.

---

1. Indeed the very filing of the Complaint, charging as it did a warrantless arrest, is corroborative of William's affidavit.

2. It would scarcely be appropriate to revive a now-terminated litigation and conduct a trial on the merits, solely to decide whether an assessment of attorneys' fees was in order.