Jay LARSON, Plaintiff,

v.

Thomas WIND, et al., Defendants.

No. 81 C 1061.

United States District Court,
N. D. Illinois, E. D.

Sept. 20, 1982.

Steven J. Rosenberg, Chicago, Ill., for plaintiff.

John B. Murphey, Ancel, Glink, Diamond, Murphy & Cope, P. C., Chicago, Ill., for defendant William Kohnke.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Jay Larson ("Larson")[1] originally sued a number of defendants because of a December 20, 1980 shooting incident involving Villa Park and Addison police officers. Larson later added Complaint Count VI, naming Villa Park Police Chief William Kohnke ("Kohnke") because of an allegedly misleading press release drafted by Kohnke the night of the shooting.

In the Opinion this Court granted Kohnke's motion for summary judgment. Kohnke has now moved under 42 U.S.C. § 1988 ("Section 1988") for an award of attorneys' fees. His motion is granted.

Section 1988 entitles a prevailing defendant to an award of fees only if the court determines plaintiff's 42 U.S.C. § 1983 ("Section 1983") claim was "meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980); *see Reineman v. Valley View Community School District # 365–U*, 539 F.Supp. 876, 877 (N.D.Ill.1982). That hurdle is a steep one for Kohnke to overleap, but in the circumstances here he has done so.

As the Opinion made plain, Count VI could not ultimately survive under existing law. Because the Opinion itself is the best reflection of this Court's analysis, this opinion will merely reflect a shorthand (and necessarily incomplete) summary.

First the Opinion pointed to the doctrine that for damage to reputation inflicted by a public official to be actionable under the Due Process Clause, the stigma had to be connected to the denial of a governmental

1. As this Court's June 30, 1982 memorandum opinion and order (the "Opinion") stated, Larson has died since this action was filed. Again in the interest of simplicity, this opinion will continue to refer to the plaintiff as "Larson" and to use the individual personal pronoun.

right, privilege or benefit.[2] Larson could not colorably allege any such "stigma plus" in conjunction with Kohnke's press release.

Next the Opinion ruled Count VI could not be read to state the sort of conspiracy claim adverted to in *Landrigan v. City of Warwick*, 628 F.2d 736, 742 (1st Cir. 1980). *Landrigan*, like our Court of Appeals' decision in *Hampton v. Hanrahan*, 600 F.2d 600, 622 (7th Cir. 1979), *rev'd as to another issue*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), held a cover-up of illegal conduct was not actionable under Section 1983 unless the cover-up itself caused damage. Larson could suggest no actual damage or deprivation flowing proximately from Kohnke's alleged cover-up.

█ Thus neither a "stigma-plus" nor a conspiracy theory could carry the day for Count VI. But that result did not necessarily render Count VI "groundless." Being "wrong" in terms of existing case law is not of itself a justification for awarding fees under Section 1988. Law advances on its frontiers through counsel's successful efforts for change. Indeed, counsel has the ethical right to contend for a client even in the face of adverse authority, if good faith arguments for a change in present law may be advanced. *See* ABA Code of Professional Responsibility DR 7–102(A)(2) and EC 7–4.

But this is not simply a case of unsuccessful good faith advocacy of a legally colorable claim. As the Opinion commented, this Court was troubled by Larson's counsel's approach of "plead now and analyze later" (a recurrent pattern in this litigation).[3] And in this instance Count VI *followed* (not preceded, as is almost always the case) the substantial completion of discovery, *including the taking of Kohnke's deposition*. That being the case, the afterthought nature of Larson's legal assertions (Count VI failed to identify, or hint at, any claimed constitutional rights Kohnke allegedly schemed to deny Larson) must be coupled with the poverty of Larson's factual contentions (Opinion at 3):

Each of those assertions is arrant nonsense in cause of action terms, as the predicate for a Section 1983 claim. But even were that not the case, there is no basis for the fanciful inferences Larson seeks to draw.[4] Kohnke's deposition has been taken and offered as an exhibit in support of the motion for summary judgment. Larson has responded with nothing but conjecture to support even a hint of the claimed motivations, and those purported motivations are not reasonably inferrable from the facts and circumstances.

---

[4] Counsel's Mem. 2 also shows a disregard of the facts in charging that "Kohnke falsely denied that he either authored or authorized the release...." Kohnke acknowledged from the beginning (indeed on the very deposition page cited by counsel) that he drafted and issued the press release that night. Counsel has entirely mischaracterized the confusion that resulted from the form of the document tendered for Kohnke's examination at the deposition.

This Court is ordinarily loath to impose fees liability on a civil rights plaintiff, lest there be a chilling of advocacy in that socially valuable area of litigation. It normally gives broad leeway to the unsuccessful plaintiff in meeting the *Christiansburg-Hughes* standard. In this case however there was the twofold combination of (1) settled adverse legal doctrine and (2) known facts defeating any Section 1983 claim against Kohnke. That being true, the resemblance to *Werch v. City of Berlin*, 673 F.2d 192 (7th Cir. 1982), where our Court of Appeals upheld a Section 1988 fees award against a plaintiff, is compelling.

One added point should be dealt with: the amount of the award. Kohnke's counsel has submitted an affidavit supporting a claim for $1,293.75, based on straight time charges at a $75 hourly rate. On its face that seems modest enough, given the work involved. Larson's responsive memorandum does not address the issue. Although Larson is certainly entitled to a hearing on the issue of amount, it would seem unduly

---

2. See cases cited in Opinion at 2.

3. See Opinion at 2 and the Court's earlier opinion, 536 F.Supp. 108, 110 (N.D.Ill.1982).

wasteful (and perhaps even semi-punitive in effect) to expand the liability for fees by adding the time necessarily spent in verifying a relatively small award. See *Muscare v. Quinn,* 680 F.2d 42, 44 (7th Cir. 1982); *Spray-Rite Service Corp. v. Monsanto Co.,* 684 F.2d 1226, 1250 (7th Cir. 1982). Accordingly this Court will await advice from Larson's counsel whether such a hearing is desired or whether the award may instead be confirmed in the amount requested.

## Conclusion

Kohnke's motion under Section 1988 for allowance of attorneys' fees as part of costs is granted. Unless on or before September 27, 1982 Larson requests a hearing on the amount of the fees, the allowance shall be $1,293.75 and shall be paid forthwith upon the presentation of a proper bill of costs including attorneys' fees.