Bill WILLIAMS, Mancil Wallace and Joe
McClain, Plaintiffs,

v.

Nathaniel J. KING, Susan Carpenter,
Paul Levy, Carolyn J. Fitch, and
David P. Freund, Defendants.

No. S 82–482.

United States District Court,
N.D. Indiana,
South Bend Division.

Jan. 21, 1983.

Bill Williams, Mancil Wallace and Joe
McClain, pro se.

Susan K. Carpenter, Indianapolis, Ind.,
William H. Albright, South Bend, Ind., Je-
rold S. Solovy, Barry Levenstam, Chicago,
Ill., Richard W. Morgan, South Bend, Ind.,
for defendants.

MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case was filed under 42 U.S.C.
§ 1983 by three inmates at the Indiana
State Prison against a private attorney
(Daniel J. King, erroneously styled Nathani-
el J. King), the Director of the Office of
Public Defender for the State of Indiana
(Susan Carpenter), and three staff attor-
neys in the Office of the Public Defender
(Paul Levy, Carolyn J. Fitch, and David P.
Freund). On October 20, 1982, this Court
issued its standard form order directing the
State of Indiana to answer or plead to the
plaintiffs' complaint. On December 1, 1982,
defendant King filed a Motion to Quash
Service of Process and Dismiss Complaint.
Thereafter, on December 7, 1982, the re-
maining named defendants filed a Motion
to Dismiss under Rules 12(b)(1) and (6) of
the Federal Rules of Civil Procedure. Fi-
nally, on January 12, 1983, the State of
Indiana filed, pursuant to Rule 12(f) of the
Federal Rules of Civil Procedure, a Motion
to Strike an earlier motion for default judg-
ment filed by the plaintiffs. In their mo-
tion to strike, the State of Indiana cited to
the plaintiffs *Lewis v. Faulkner,* 689 F.2d
100 (7th Cir.1982) (where a motion to dis-
miss or for summary judgment has been
filed, there exists a duty on the part of
either the movant or the Court to apprise
the inmate complainant proceeding *pro se*
of the possible consequences of his failure
to respond to said motion). Five days later
plaintiffs responded in a motion styled "Mo-
tion to Not [sic] Strike," wherein they indi-
cated they were filing their motion pursu-
ant to *Lewis v. Faulkner.*

Although the complaint and the subse-
quent pleadings filed by the plaintiffs are

inartfully drawn and difficult to comprehend, the gravamen of plaintiffs' allegations are that the various named defendants failed to prosecute adequately the defenses and/or appeals of the plaintiffs. For these alleged violations of various constitutionally protected rights, the plaintiffs seek, in aggregate, damages of $1,800,000.00 as well as putative court costs and attorney fees of $600,000.00.

Despite the fact that the plaintiffs have filed a plethora of motions, including motions for default judgment against the State of Indiana (never named as a party-defendant) the only issue presently before this Court is whether this action can be maintained against the defendants. A careful review of the record reveals the undisputed fact that defendant King was appointed by the Court of Appeals for the Seventh Circuit to assist and represent plaintiff McClain in prosecuting two of McClain's appeals of unsuccessful petitions for writs of habeas corpus. It is equally clear that each of the remaining named defendants are being sued in their capacities as public defenders.

Jurisdiction of this Court over claims filed under 42 U.S.C. § 1983 is grounded in 28 U.S.C. § 1343 where plaintiffs allege violations of constitutional rights by persons acting under color of state law. *Lynch v. Household Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). Thus, in order for plaintiffs to prosecute successfully this action against the defendants, plaintiffs must show (1) a deprivation of a constitutionally protected right, (2) by someone acting under color of state law. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

Notwithstanding the above certain limitations are imposed on § 1983 actions that circumscribe the range of possible defendants in such suits. For example, judges and prosecutors generally enjoy absolute immunity. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). In line with that case is the recent Supreme Court holding in *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509

(1981), that public defenders hired by the state do not act under color of state law in performing their duties as public defenders and are therefore not amenable to suit under § 1983. See also, *Robinson v. Bergstrom,* 579 F.2d 401 (7th Cir.1978); *John v. Hurt,* 489 F.2d 786 (7th Cir.1973); *Caruth v. Geddes,* 443 F.Supp. 1295 (N.D.Ill.1978); *Beaver v. Carey,* 426 F.Supp. 301 (N.D.Ill. 1978). For other jurisdictions, see, e.g., *Black v. Bayer,* 672 F.2d 309 (3d Cir.1982); *Chambers v. Kaplan,* 648 F.2d 1193 (8th Cir.1981); *Minns v. Paul,* 542 F.2d 899 (4th Cir.1976), *cert. den.,* 429 U.S. 1102, 97 S.Ct. 1127, 51 L.Ed.2d 552.

While *pro se* complaints are to be construed liberally *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), particularly where prisoners are the complainants, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), even the most liberal reading of the plaintiffs' filings in this case reveal no grounds whatsoever for the continued exercise of this Court's jurisdiction over the persons of the defendants. Accordingly, defendants' motions to dismiss are hereby GRANTED, the State of Indiana's Motion to Strike is GRANTED, and, all other motions being rendered moot, this case is DISMISSED.

SO ORDERED.