**Robert D. McDONALD, Plaintiff,**

v.

**Joanne C. GRAHAM and the Honorable Stephen Platt, Defendants.**

**No. S 83–67.**

United States District Court,
N.D. Indiana,
South Bend Division.

March 28, 1983.

Robert D. McDonald, pro se.

John D. Ulmer, Goshen, Ind., Linley E. Pearson, Atty. Gen. of Ind., Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This action was filed pursuant to 42 U.S.C. § 1983 by an inmate at the Elkhart County Jail against his court-appointed public defender and the judge presiding over his state criminal trial. On March 1, 1983, defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. On March 4, 1983, defendant Judge Platt filed a separate motion to dismiss as well. On that same day (March 4, 1983), this Court entered an order giving the plaintiff to and including April 4, 1983 in which to respond to the motions to dismiss. *See Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982).

On March 14, 1983, plaintiff filed a letter with this Court in this case and attached thereto a copy of his verified motion for change of venue and for change of judge in the underlying state court action. Construing the letter in the liberal light mandated by *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) as plaintiff's response to the motions to dismiss, this Court proceeds now to an examination of the legal merits of the case.

The plaintiff filed this claim naming as defendants the Honorable Stephen Platt, Judge of the Elkhart Superior Court No. 2, and Ms. Joanne C. Graham, a public defender employed by Elkhart County to defend indigent defendants in criminal cases. Criminal charges were filed against the plaintiff on July 15, 1982, and he was arraigned on July 19, 1982, at which time Ms. Graham was appointed by the court to represent the defendant (plaintiff in this action). The plaintiff's claim appears to relate to his dissatisfaction with Ms. Graham acting as his attorney, and the failure of the defendant Judge Platt to appoint different counsel.

In *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), the United States Supreme Court held that a public defender does not act under color of state law for purposes of actions under 42 U.S.C. § 1983 when performing a lawyer's

traditional function of counsel to a defendant in a criminal proceeding, and was therefore not subject to suit under § 1983. In the case at hand, a careful review of the pleadings reveals plainly that the plaintiff is dissatisfied with the number of times his defense counsel visited him in the preparation of his case and responded to his letters. Thus, under the clear holding of *Polk, supra,* that portion of plaintiff's action against defendant Graham must necessarily fail. *See also Williams v. King,* 554 F.Supp. 421 (N.D.Ind.1983); *Robinson v. Bergstrom,* 579 F.2d 401 (7th Cir.1978); *John v. Hurt,* 489 F.2d 786 (7th Cir.1973); *Coleman v. Court of Appeals, Div. No. Two, Etc.,* 550 F.Supp. 681 (W.D.Okl.1980); *Caruth v. Geddes,* 443 F.Supp. 1295 (N.D.Ill.1978); *Beaver v. Carey,* 426 F.Supp. 301 (N.D.Ill. 1977).

As for that portion of plaintiff's complaint relating to Judge Platt, the doctrine of absolute immunity applies so as to protect bar actions for civil damages under 42 U.S.C. § 1983 for conduct within the scope of judicial duties. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). *See also, generally, Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). A careful review of the pleadings in this case discloses that plaintiff is dissatisfied with Judge Platt's handling of those criminal proceedings relating to the plaintiff as defendant. Accordingly, that portion of plaintiff's complaint relating to Judge Platt must also fail.

While the doctrine of immunity as it pertains to public defenders is relatively new, immunity for judges is not. *See Bradley v. Fisher,* 13 Wall. 335, 20 L.Ed. 646 (1872). Thus, had this complaint been filed against the judge by a lawyer, some very large judicial eyebrows would have been raised by virtue of the hoary age of the doctrine as announced by this nation's highest court more than a century ago. Such a complaint filed by a lawyer might well trigger the award of costs and attorney's fees against that lawyer. *For example, see Christians-*

*burg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), as recently followed in *Delta Air Lines v. Colbert,* 692 F.2d 489 (7th Cir.1982), and *Larson v. Wind,* 548 F.Supp. 479 (N.D.Ill.1982).

This is not a lawyer-drawn complaint. Notwithstanding the *Haines v. Kerner* command to be liberal, this complaint as against Judge Platt is without any legal foundation whatsoever. It is totally devoid of legal merit. Although it is not possible for this Court to look into the minds of this plaintiff and examine his motives, the inclusion of Judge Platt as a party defendant in this case has all the earmarks of undue and unnecessary harassment. It appears to be an effort to inconvenience an already burdened judge. Such is precisely what the Supreme Court clearly precluded in *Bradley* and *Stump.*

Accordingly, and on the record now before this Court, this complaint is hereby DISMISSED as to both defendants, with plaintiff to bear costs of this action. SO ORDERED.