**James WILLIS–BEY, Plaintiff,**

v.

**Terry BRUMMER and Jane B. Phillips, Defendants.**

No. 83–2750C(5).

United States District Court, E.D. Missouri, E.D.

Jan. 10, 1984.

Anthony M. Gioia, St. Louis, Mo., for plaintiff.

Lew A. Kollias, Jefferson City, Mo., for defendants.

## MEMORANDUM AND ORDER

LIMBAUGH, District Judge.

The matter before the Court is the defendants' motion to dismiss the complaint for failure to state a claim, which will be granted. The plaintiff has responded through his Court-appointed attorney. His request for an evidentiary hearing on the motion will be denied because the only issues are of law.

The plaintiff is a criminal defendant in a pending prosecution in a Missouri court. The defendants are Terry Brummer, who is the director of the State Public Defender Commission, and Jane Phillips, the public defender appointed to represent him in the criminal trial.

Essentially, the plaintiff alleges that the defendants have ineffectively represented him throughout the criminal proceeding in violation of his right to effective assistance of counsel. Various acts of alleged malpractice are set forth, such as the waiver of his right under Missouri law to a speedy trial within 180 days. The plaintiff wants this Court to appoint new counsel in the state proceedings and to award damages. Suit is brought under 42 U.S.C. § 1983, the only applicable remedial statute.

The complaint will be dismissed for several reasons. First, this lawsuit is an impermissible attempt to interfere with a pending state criminal proceeding. The plaintiff is asking this Court to interfere with the state court's appointment of de-

882

fense counsel, and any relief granted would delay the state trial, which is set for January 16, 1984. Any problems the plaintiff has with his defense counsel should be raised in the state courts first, which provide an adequate remedy at law. *See Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

The claims against Phillips also must be dismissed because she cannot be sued under § 1983, as a public defender representing an indigent in state criminal proceedings does not act under the color of state law. *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). The plaintiff also argues, in effect, that Brummer is liable on a theory of *respondeat superior* for Phillips' actions, but this theory of liability is not available under § 1983. *Ronnei v. Butler,* 597 F.2d 564 (8th Cir.1979). The complaint also alleges that Brummer is not spending enough money on his case so that a better attorney (apparently private) could be hired. The public defender's office is not obligated to hire private attorneys, and this Court will not revise its budget.

IT IS HEREBY ORDERED that the defendants' motion to dismiss be and is GRANTED.

IT IS FURTHER ORDERED that this action be and is dismissed.