**James E. MALADY, Plaintiff,**

v.

**Judge Charles BAKER, et al., Defendants.**

**No. S86–0175C.**

United States District Court, E.D. Missouri, Southeastern Division.

Jan. 6, 1987.

---

James Malady, pro se.

Deborah Neff, Asst. Atty. Gen., Jefferson City, Dan J. Crawford, Asst. Pros. Atty., Kennett, for defendants.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court upon defendants' motion to dismiss.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. He alleges that his constitutional rights have been denied by virtue of defendants' actions. Specifically, plaintiff complains that his Rule 27.26 post-conviction hearing has been unjustly delayed. He also alleges that defendants Rhew and Baker have a conflict of interest and should not be involved in his Rule 27.26 hearing. Finally, plaintiff alleges that defendants Drury and Brummer have a policy of refusing his collect phone calls.

The Court finds that none of the acts complained of state a cause of action for which relief can be granted; and therefore, plaintiff's complaint must be dismissed pursuant to Rule 12(b)(6) Fed.R.Civ.P. Specifically, each defendant shall be dismissed for the reasons stated below.

### Judge Charles Baker

The Judge's actions in this case were just and proper. General dissatisfaction with the way a judge handles a case

does not state a claim for relief. *Mc-Donald v. Graham*, 559 F.Supp. 545, 46 (N.D.Ind.1983). Because the Judge has subject matter jurisdiction to hear both plaintiff's criminal case as well as his 27.26 motion, he is protected by judicial immunity. *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir.1983). Moreover, injuction relief is a moot point because plaintiff's hearing has been set for January 22, 1987.

### Terry Brummer

Defendant Brummer is the director of the State Public Defenders Commission. Plaintiff complains that defendant, as the head of the Commission, should intervene and force the public defender (Defendant Drury) to accept collect phone calls from plaintiff.

 Initially, the Court notes that plaintiff cannot hold defendant Brummer liable on a theory of respondent superior. *Ronnei v. Butler*, 597 F.2d 564 (8th Cir.1979). Moreover, it is clear that there is not a state-wide policy of not accepting collect phone calls from defendants. It is in each public defender's discretion on a case by case determination whether to accept collect phone calls. Factors to be considered are urgency of communications, possibility of correspondence and budgetary concerns. Based upon the foregoing, plaintiff has failed to state a cause of action against defendant Brummer.

### Lance Drury

 Defendant Drury is the Public Defender assigned to represent plaintiff. The Court finds that plaintiff has failed to demonstrate that defendant acted under color of state law which is a jurisdictional requirement. *Polk County v. Dodson*, 454 U.S. 312, 315, 102 S.Ct. 445, 448, 70 L.Ed.2d 509 (1981). Moreover, a public defender does not act under color of state law merely by virtue of his employment, and no civil rights complaint may lie when a client complains of the legal services rendered him by his appointed counsel. *Id.* at 323–25, 102 S.Ct. at 452–53. The Court finds that plaintiff's complaint amounts to no more than dissatisfaction with defendant Drury's services and does not give rise to a § 1983 claim.

### Terry Rhew

Defendant Rhew was the Public Defender for plaintiff in his criminal trial. Mr. Rhew is now a prosecutor. Mr. Rhew has withdrawn from plaintiff's 27.26 hearing thus rendering plaintiff's complaint against Mr. Rhew moot.

### Missouri State Supreme Court

 The Supreme Court is a State entity, similar to a State agency. Actions brought pursuant to § 1983 are to be directed against individuals acting under color of state law. Thus, actions brought against states and/or state agencies do not state a cause of action. *See. Aubuchon v. State of Missouri*, 631 F.2d 581 (8th Cir. 1980); *Richards v. New York Department of Corrections Services*, 572 F.Supp. 1168, 1172 (S.D.N.Y., 1983). Further, the relief sought is now moot due to the hearing having been set.

### Dunklin County

 Plaintiff's complaint only addresses defendant Dunklin County in a broad conclusory fashion. Ultimately, plaintiff does not allege that his injuries were the result of the execution of a policy or custom of Dunklin County. Such pleading is necessary to avoid dismissal. *Monell v. Department of Social Services of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Essentially, plaintiff's complaint against defendant Dunklin County is based upon the theory of respondent superior which cannot support a § 1983 action. *See, Ronnei v. Butler*, supra.

 Finally, as to all defendants, plaintiff alleges a conspiracy and conspiracy jurisdiction. Plaintiff has not provided any support for his conspiracy claim. Plaintiff must at least allege that the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding and provide some facts sug-

gesting a meeting of the minds. *McClain v. Ketchen*, 659 F.2d 870, 872 (8th Cir. 1981). Plaintiff's complaint is completely void of such facts.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion to dismiss be and is GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint be and is DISMISSED with prejudice for failure to state a cause of action for which relief can be granted.