Herbert O. JENSEN, Plaintiff,

v.

Winston SATRAN, Warden; Jack Paul, Director of Programs; Marion Rott, Inmate Accountant; Arnold Schneider, Chaplain; at the North Dakota State Penitentiary, in their individual and official capacities; North Dakota Conference of Churches; and North Dakota State Bonding Fund, Defendants.

No. A1–86–002.

United States District Court, D. North Dakota, Southwestern Division.

April 25, 1986.

Herbert O. Jensen, pro se.

Edwin F. Zuern, Sp. Asst. Atty. Gen., Austin G. Engel, Jr., Bismarck, N.D., for defendants.

## MEMORANDUM AND ORDER

CONMY, Chief Judge.

This action arises out of alleged misconduct on the part of a chaplain at the North Dakota State Penitentiary. The plaintiff alleges that the chaplain and his volunteers engage in activity that violates various sections of the North Dakota Century Code, and the first and fourteenth amendments to the United States Constitution, including: "spying" on the inmates, collecting and soliciting contributions to the chaplain's collection plate, writing and submitting reports on inmate behavior to the counseling department and the parole board, failing to adopt a uniform system of accounting for contributions, failing to be bonded, failing to report drug usage by inmates (even though violence and escape plans are reported), and proselytizing on the cell block.

Mr. Jensen has filed a multitude of motions with this court, including a motion for default judgment, a motion for sanctions, and a motion to strike defendants' motion for summary judgment for cause.

■ All of Mr. Jensen's motions relate to the same objection. That is, Mr. Jensen objects to the fact the Mr. Edwin Zuern, the Assistant Attorney General representing the State in this has undertaken the defense of all named defendants. Mr. Jensen asserts that Mr. Zuern's conduct is in violation of state law, and that any pleadings submitted by Mr. Zuern on behalf of non-State entities is for the purpose of harassment or delay. Accordingly, Mr. Jensen claims that he is entitled to have the defendants' motion for summary judgment stricken and that sanctions should be imposed upon Mr. Zuern. Further, since Mr. Zuern had no authority to answer on behalf of the North Dakota Council of Churches or the State Bonding Fund, these entities should be deemed in default and judgment of default should be entered against these entities. Likewise, the failure of some of the individual defendants to personally file papers indicating receipt of service entitles Mr. Jensen to default judgment as to those defendants.

This court does not have the authority or inclination to supervise the defendants in their respective choices of counsel. Nor is this court empowered to pass on those powers or responsibilities delegated to Assistant Attorneys General by their superiors. If plaintiff objects to Mr. Zuern's representation, he should file a grievance with the North Dakota State Bar Association's Grievance Committee, or with the Attorney General's Office. This court is not the appropriate forum.

The defendants have filed a motion for summary judgment with this court. This court may grant a motion for summary

judgment where no material issues of fact are in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

Essentially, defendants argue that the plaintiff has failed to state a cause of action, that none of the defendants have violated the plaintiff's constitutional rights, and that even if they had, they are protected by a qualified immunity.

■■■ Assuming for the moment that Mr. Jensen has asserted bona fide constitutional claims, it is clear that no cause of action has been stated with regard to defendants Winston Satran, Marion Rott, Jack Paul, the North Dakota Conference of Churches, or the North Dakota State Bonding Fund. Mr. Jensen has not alleged that any of these parties have personally committed any act which injured him. The doctrine of respondeat superior does not apply to claims arising under 42 U.S.C. § 1983. *Rizzo v. Goode,* 423 U.S. 362, 370–71, 96 S.Ct. 598, 604, 46 L.Ed.2d 561; *Ronnei v. Butler,* 597 F.2d 564, 565–66 (8th Cir.1979) (prison guard flushed bat that bit prisoner down toilet before it could be tested for rabies; prisoner forced to undergo rabies treatment); *Cotton v. Hutto,* 577 F.2d 453 (8th Cir.1978) (guard instituted disciplinary proceedings when inmate refused to cut hair to conform to prison standards); *Sebastian v. United States,* 531 F.2d 900 (8th Cir.1976) (plaintiff allegedly wrongfully committed to mental hospital). Thus, Mr. Jensen has failed to allege any basis for liability against these defendants.

Arnold Schneider, the prison chaplain, is the only named defendant alleged to have personally injured the plaintiff. The Supreme Court has held, however, that governmental officials are entitled to a qualified immunity when acting in good faith fulfillment of their responsibilities and within the bounds of reason under all the circumstances. *Procunier v. Navarette,* 434 U.S. 555, 562, 98 S.Ct. 855, 859–60, 55 L.Ed.2d 24 (1978); *Wood v. Strickland,* 420 U.S. 308, 321, 95 S.Ct. 992, 1000, 43 L.Ed.2d 214 (1975); *Scheuer v. Rhodes,* 416 U.S. 232, 247–48, 94 S.Ct. 1683, 1692, 40 L.Ed.2d

90 (1974). An official loses his immunity where:

(1) the petitioner's constitutional right is clearly established and the official knew, or should have known, of that right; and knew, or should have known, that his conduct violated the constitutional norm; or

(2) the official acted with malicious intent to deprive the petitioner of his constitutional right or to cause him other injury.

*Wood v. Strickland, supra.*

In applying this standard, this court must first determine whether Mr. Jensen had any clearly established constitutional right of which the chaplain knew or should have known, that was allegedly violated.

■■■ Mr. Jensen seems to imply that he believes failure to contribute to the chaplain's fund results in a "bad" report being submitted to the parole board. Assuming this is the actual substance of Mr. Jensen's claim (and it is by no means clear from his pleadings that that is what he intends), and assuming for the moment that some constitutional right has been violated, Mr. Jensen has failed to show that he has standing to challenge the conduct. As the Supreme Court has explained,

> The essence of the standing question, in its constitutional dimension, is "whether the plaintiff 'has alleged such a personal stake in the outcome of the controversy' [as] to warrant *his* invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf. ... The plaintiff must show that he himself is injured by the challenged action of the defendant. The injury may be indirect,... but the complaint must indicate that the injury is indeed fairly traceable to the defendant's acts or omissions.

*Village of Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 261, 97 S.Ct. 555, 561, 50 L.Ed.2d 450 (1977) (citations omitted). Mr. Jensen has not alleged that he ever contributed to the chaplain's fund, or that the chaplain or his

volunteers ever wrote or submitted a "bad" report concerning him. Even if such a report had been submitted, it is doubtful that Mr. Jensen would have been harmed, since it appears that, by the terms of his sentence, he will not be eligible for parole within this century.

Furthermore, it is well settled that violation of state law, without more, does not necessarily give rise to a claim of constitutional violation. *Paul v. Davis*, 424 U.S. 693, 700, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976). The only claims made by Mr. Jensen that even facially present a constitutional issue are his claims to privacy rights in his cell and criminal files.

■ Mr. Jensen claims a constitutional right to privacy in his cell and in his prison file that arises out of the first and fourteenth amendments to the United States Constitution. Specifically, Mr. Jensen complains of the chaplain "peering" into his cell while visiting other inmates. Mr. Jensen also claims that the chaplain and volunteers working with the chaplain have access to his prison records, in derogation of Mr. Jensen's constitutionally protected right to privacy. For purposes of the defendants' motion for summary judgment, this court will accept these claims as true.

The Constitution does not expressly provide for a right to privacy per se. The United States Supreme Court has recognized that a right to privacy may exist in relation to other specifically enumerated rights. *See, e.g., Stanley v. Georgia*, 394 U.S. 557, 565, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969) (first amendment protects right to read and observe what one pleases in the privacy of one's home); *Terry v. Ohio*, 392 U.S. 1, 8–9, 88 S.Ct. 1868, 1872–74, 20 L.Ed.2d 889 (1968) (fourth amendment protects areas in which one has a reasonable expectation of privacy from unreasonable searches and seizures); *Katz v. United States*, 389 U.S. 347, 350 n. 5, 88 S.Ct. 507, 510 n. 5, 19 L.Ed.2d 576 (1967) (third amendment's prohibition against peacetime quartering of soldiers protects an aspect of privacy from governmental intrusion); and *Griswold v. Connecticut*, 381 U.S. 479,

484, 85 S.Ct. 1678, 1681, 14 L.Ed.2d 510 (1965) (several provisions of the Bill of Rights create "zones of privacy", including the fifth amendment, which creates a zone of privacy that an individual cannot be forced to surrender to his detriment).

It is well settled that inmates do not enjoy the full protection of the Constitution. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 3199, 82 L.Ed.2d 393 (1984); *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974); *Polizzi v. Sigler*, 564 F.2d 792 (8th Cir. 1977). But neither is a person stripped of all constitutional protections upon imprisonment. *Hudson v. Palmer, supra*, 104 S.Ct. at 3198; *Wolff v. McDonnell*, 418 U.S. 539, 555, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974); *Jensen v. Lick*, 589 F.Supp. 35, 38 (D.N.D.1984).

A review of the case law indicates that prisoners have only a very limited right to privacy in their cells. Prison guards may search a cell at any time, without a warrant. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (inmate has no reasonable expectation to privacy in his cell; random searches without warrant are permissible to maintain security). Prisoners have only a limited right to be obscured from the view of prison staff members of the opposite sex. *Lee v. Downs*, 641 F.2d 1117 (3rd Cir.1981) (involuntary exposure of genitals in presence of people of other sex not permissible); *Forts v. Ward*, 621 F.2d 1210 (1st Cir.1980) (female inmates permitted to cover cell windows for 15 minute intervals only); *Robbins v. South*, 595 F.Supp. 785 (D.Mont.1984) (female guard's occasional passing by male prisoner's cell did not violate privacy); *Bowling v. Enomoto*, 514 F.Supp. 201 (1981) (freedom from unrestricted observation of genitals and bodily functions required). To the best of this court's knowledge this limited right does not extend to observation by members of the same sex.

■ Nor does it appear that Mr. Jensen has a constitutional right to privacy in his prison record. The Supreme Court has held that "personal rights found in [the]

guarantee of personal privacy must be limited to those which are 'fundamental' or 'implicit in the concept of ordered liberty'...." *Paul v. Davis,* 424 U.S. 693, 713, 96 S.Ct. 1155, 1166, 47 L.Ed.2d 405 (1976). Lower courts have specifically rejected the assertion of a constitutional right to privacy in records relating to criminal proceedings or incarceration. *J.P. v. DeSanti,* 653 F.2d 1080 (6th Cir.1981) (dissemination of social history prepared by probation officers in connection with juvenile proceedings do not violate any constitutional right to privacy); *Kimberlin v. United States,* 605 F.Supp. 79 (N.D.Ill.1983) (prisoner had no privacy right in nondisclosure by probation officer of disposition of funds in commissary account).

It is indisputable that not all interests in nondisclosure of personal information rise to constitutional stature. In the absence of an express constitutional mandate, or clear language of the Supreme Court, this court declines to find such a right in this case.

Because this court finds that the plaintiff had no constitutionally protected right to privacy in his prison record, it is unnecessary to determine whether the chaplain acted impermissibly.

For the foregoing reasons, this court ORDERS:

1. THAT THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IS DENIED.

2. THAT THE PLAINTIFF'S MOTION FOR SANCTIONS AND TO STRIKE THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS DENIED.

3. THAT THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS GRANTED.