Charles E. FERGUSON, Plaintiff,

v.

Jane DIER–ZIMMEL, Diane Dagelen and Patrick Fiedler, Defendants.

No. 92–C–920.

United States District Court, E.D. Wisconsin.

Dec. 7, 1992.

Charles E. Ferguson, pro se.

No appearance for defendants.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Plaintiff Charles Ferguson, currently incarcerated at the Milwaukee County House of Corrections, seeks redress under 42 U.S.C. § 1983 from the above named defendants. Mr. Ferguson's civil rights complaint is accompanied by a petition to proceed in forma pauperis. This petition will be denied.

In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) and (d). The court is obliged to give Mr. Ferguson's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Mr. Ferguson's affidavit of indigence indicates that his only asset is $210.00 in his prison trust account. Accordingly, I conclude that Mr. Ferguson has satisfied the requirements of § 1915(a) and is unable to pay the costs of commencing this action.

Mr. Ferguson must demonstrate that his civil rights action has merit as required by 28 U.S.C. § 1915(d). An action is frivolous, for purposes of § 1915(d), if there is no arguable basis for relief either in law or fact. *See Denton v. Hernandez*, — U.S. —, —, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

In his first claim, Mr. Ferguson alleges that "Defendant Zimmel did conspire with Defendant Dagelan to cause the period of plaintiff's corporal punishment." Mr. Ferguson charges that the "Intensive Sanction Program," which appears to be Mr. Ferguson's present form of incarceration, requires "electronic monitoring" that he believes to be "unconstitutional because it allows [the] defendants to prescribe corporal punishment." I construe the plaintiff's first claim to be that his Eighth Amendment right against cruel and unusual punishment, made applicable to the states by the Fourteenth Amendment, was violated by the defendants as a result of their efforts to outfit him with some type of electronic monitoring device.

To establish an Eighth Amendment violation, "a plaintiff must show that prison officials intentionally inflicted excessive or grossly severe punishment on him or that the officials knowingly maintained conditions so harsh as to shock the general conscience." *Stringer v. Rowe*, 616 F.2d 993, 998 (7th Cir.1980). Actual corporal punishment inflicted on Mr. Ferguson could state a claim of cruel and unusual punishment under the Eighth Amendment.

In fact, the Wisconsin Administrative Code prohibits corporal punishment. *See* Wis.Admin.Code § DOC 328.18(2) (Apr. 1990). However, Mr. Ferguson's allegations really appear to be that electronic monitoring, which he has self servingly described as "corporal punishment," violates his Eight Amendment right against cruel and unusual punishment.

In my opinion, electronic monitoring is not corporal punishment at all because it does not involve punishment inflicted directly on the body. Is electronic monitoring a form of cruel and unusual punishment? Electronic monitoring is a specific sanction that is part of Wisconsin's Intensive Sanction Program which is a form of incarceration authorized by Wisconsin law. *See* Wis.Stat.Ann. § 301.048 (1991 & Supp. 1992). I conclude that Mr. Ferguson's first claim fails arguably to allege an Eighth Amendment violation or state a claim for relief under 42 U.S.C. § 1983 and is frivolous, having no arguable basis in law. *See Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831.

■ Mr. Ferguson's second claim alleges that "the use of plaintiff's confidential prison records by Defendant Dagelen to possess and to schedule the wrongful punishment upon the person of plaintiff and to use it on a revocation hearing as a criteria to revocate [sic] plaintiff's M.R. supervision violates plaintiff's right to privacy." Here the plaintiff is obviously alleging a violation of some type of privacy right.

The Supreme Court has held that "personal rights found in [the] guarantee of personal privacy must be limited to those which are 'fundamental' or 'implicit in the concept of ordered liberty'...." *Paul v. Davis,* 424 U.S. 693, 713, 96 S.Ct. 1155, 1166, 47 L.Ed.2d 405 (1976). Flowing from this view of the right to privacy, "[l]ower courts have specifically rejected the assertion of a constitutional right to privacy in records relating to criminal proceedings or incarceration." *Jensen v. Satran,* 633 F.Supp. 1187, 1191 (D.N.D.1986), *aff'd,* 808 F.2d 840 (8th Cir.1986). The second claim fails arguably to allege a violation of his right to privacy or state a claim for relief under 42 U.S.C. § 1983 and is frivolous, having no arguable basis in law. *See Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831.

■ Mr. Ferguson's third and final claim alleges that Defendant Fiedler "has ordered that all legal materials pertaining to Wisc.Stats. ss. 301.10, 301.03, 301.040, 301.055, 302.02, 302.06, 302.11, 302.33, 302.425, 303.065, 304.02, 304.06, 304.071 be removed from the library here because he don't [sic] want inmates here to discover a stratgy [sic] to overcome wrongful corporal punishment." In this claim Mr. Ferguson appears to be contending that defendant Fiedler unlawfully deprived him of his constitutional right to meaningful access to the courts by foreclosing his ability to review various sections of the Wisconsin statutes.

The Supreme Court has acknowledged that the fundamental constitutional right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977).

■ To prove a violation of this right an inmate must demonstrate that prison officials failed to satisfy their affirmative duty to assist prisoners "in the preparation and filing of meaningful legal papers by providing ... [them] ... with adequate law libraries or adequate assistance from persons trained in the law." *Martin v. Davies,* 917 F.2d 336, 338 (7th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2805, 115 L.Ed.2d 978 (1991). Meaningful access to the courts is satisfied if prisoners "receive that quantum of access to prison libraries—not total or unlimited access—which will enable them to research the law and determine what facts may be necessary to state a cause of action." *Hossman v. Spradlin,* 812 F.2d 1019, 1021 (7th Cir. 1987). Library access may be restricted by time, place and manner regulations that are "justified in light of legitimate security considerations." *Shango v. Jurich,* 965 F.2d 289, 292 (7th Cir.1992) (citing *Caldwell v. Miller,* 790 F.2d 589, 606 (7th Cir. 1987).

To prove a violation of a denial of access to the courts inmates must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation." *Jenkins v. Lane,* 977 F.2d 266 (7th Cir.1992) (citing *Shango,* 965 F.2d at 292). A showing of prejudice or detriment is necessary only "where minor or indirect limitations on access to courts are alleged." *DeMallory v. Cullen,* 855 F.2d 442, 448 (7th Cir.1988). To show some "quantum of detriment" the complaint must allege specific facts such as court dates missed, inability to make timely filings, or the loss of a case that could have been won. *See Davies,* 917 F.2d at 340.

Mr. Ferguson has failed to allege any facts that indicate that he has suffered "some quantum of detriment" because the aforementioned sections of the Wisconsin statutes may be removed from the prison library. Furthermore, nowhere in his claim does Mr. Ferguson allege that these statutory sections have actually been removed from the prison library or that *he* intends to file or has filed an action involving these statutory sections.

A review of the statutory sections listed by Mr. Ferguson that he claims are in danger of removal from the prison library also suggests no correlation between those sections and Mr. Ferguson's contention that they are necessary for him, or anybody else, to challenge "wrongful corporal punishment." *See, e.g.,* Wis.Stat.Ann. § 301.10 (1991 & Supp.1992) (concerning purchases, bills, audits, and payments in Wisconsin prisons); Wis.Stat.Ann. § 301.-055 (1991 & Supp.1992) (concerning prison population limits). Most notably, Wis.Stat. § 301.048 is *not* on Mr. Ferguson's list. That statutory section concerns the intensive sanction program that utilizes electronic monitoring that Mr. Ferguson believes to be corporal punishment. This anomaly suggests that Mr. Ferguson randomly listed a few statutory sections alleged to be in jeopardy of removal from the prison library without considering whether they had anything to do with his contemplated or pending legal actions. Mr. Fer-

guson's third claim fails arguably to allege a violation of his right to have meaningful access to the courts or state a claim for relief under 42 U.S.C. § 1983 and is frivolous, having no arguable basis in law. *See Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831.

Because all three of Mr. Ferguson's claims are frivolous, having no arguable basis in law or fact, his present petition to proceed in forma pauperis will be denied. I believe it is also appropriate at this time to address another issue raised by Mr. Ferguson's present complaint, namely, the number and frequency of complaints that Mr. Ferguson has filed with this court. *See, e.g., Ferguson v. Wisconsin Correctional Institution,* Case No. 90–C–330 (filed March 29, 1990); *Ferguson v. McCaughtry,* Case No. 90–C–349 (filed April 5, 1990); *Ferguson v. Wisconsin Health & Social Services,* Case No. 90–C–415 (filed April 30, 1990); *Ferguson v. Donovan, et al.,* Case No. 90–C–954 (filed May 11, 1990); *Ferguson v. McCaughtry, et al.,* Case No. 90–C–522 (filed May 30, 1990); *Ferguson v. McCaughtry, et al.,* Case No. 90–C–893 (filed September 11, 1990); *Ferguson v. McCaughtry, et al.,* Case No. 90–C–894 (filed September 11, 1990); *Ferguson v. McCaughtry, et al.,* Case No. 91–C–863 (filed August 9, 1991); *Ferguson v. Siedschlag, et al.,* Case No. 91–C–885 (filed August 15, 1991); *Ferguson v. Maraski, et al,* Case No. 91–C–1230 (filed November 15, 1991); *Ferguson v. McCaughtry, et al.,* Case No. 91–C–1359 (filed December 12, 1991); *Ferguson v. Sietta et al.,* Case No. 92–C–366 (filed April 6, 1992); *Ferguson v. McCaughtry,* Case No. 92–C–507 (filed May 7, 1992) and the present action *Ferguson v. Dier–Zimmel et al.,* Case No. 92–C–920 (filed August 28, 1992). Virtually all of these complaints have been 42 U.S.C. § 1983 actions.

This court recently cautioned Mr. Ferguson "that excessive pleading of claims which prove to be meritless may be construed to constitute legal frivolity warranting some sort of sanction." *See Ferguson v. Sietta,* Case No. 92–C–366, Decision and Order dated April 30, 1992. Coupled with Mr. Ferguson's penchant for filing civil rights actions is his equal tendency not to

prosecute diligently the suits he files. *See, e.g., Ferguson v. Sietta,* Case No. 92–C–366, Order dated September 18, 1992 (dismissing action for failure to prosecute); *Ferguson v. Maraski,* Case No. 91–C–1230, Order dated November 30, 1992 (dismissing action for failure to prosecute). None of Mr. Ferguson's actions has ever reached trial.

Rule 11, Federal Rules of Civil Procedure, states that "the signature of an attorney or *party* [on a pleading] constitutes a certificate by the signer ... that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law ..." (emphasis added). Mr. Ferguson apparently believes the filing of lawsuits simply to be a form of catharsis with *no legal constraints* whatsoever.

In my opinion, the numerous questionable actions filed by Mr. Ferguson, along with his failure to prosecute those actions diligently, demonstrates an abuse of process by Mr. Ferguson deserving of a sanction. Therefore, from the date of this order, Mr. Ferguson will be required to obtain prior approval from this court before filing any future 42 U.S.C. § 1983 actions.

### ORDER

Therefore, IT IS ORDERED that Mr. Ferguson's petition to proceed in forma pauperis be and hereby is denied.

IT IS ALSO ORDERED that the Clerk of Court be and hereby is directed, pursuant to Rule 58, Federal Rules of Civil Procedure, to enter a final judgment dismissing this action, with prejudice, if Mr. Ferguson fails to pay the required filing fee within thirty days from the date of this order.

IT IS FURTHER ORDERED, pursuant to Rule 11, Federal Rules of Civil Procedure, that from the date of this order the clerk of this court will not accept for filing any new 42 U.S.C. § 1983 actions submitted by Mr. Ferguson without prior approval of a judge of this court.