**Charles E. FERGUSON, Plaintiff,**

v.

**Jane DIER–ZIMMELL, Diane Dagelen and Patrick Fiedler, Defendants.**

No. 92–C–920.

United States District Court, E.D. Wisconsin.

July 28, 1994.

---

6. The parties were ultimately unable to reach a settlement agreement, and instead submitted to this court their Offer and Acceptance. The only dispute which prevented successful *settlement* was whether the settlement included a waiver of Trent's claims under the Congressional Omnibus

Budget Reconciliation Act. Although the parties brought this dispute before Magistrate Judge Rosemond, they never raised the attorney's fee issue, presumably because it was not, in fact, an issue.

Charles E. Ferguson, pro se.

ORDER

GORDON, District Judge.

Presently before the court is the plaintiff's "Motion for Relief from Judgement [sic] or Order" filed pursuant to Rule 60, Federal Rules of Civil Procedure. The plaintiff, Charles Ferguson, seeks relief from the order and judgment of this court dated December 7, 1992. The motion will be denied.

On December 7, 1992, this court sanctioned Mr. Ferguson for filing approximately fourteen separate actions between April 5, 1990, and August 28, 1992, that the court ultimately found to have no merit. The court stated that:

[T]he numerous questionable actions filed by Mr. Ferguson, along with his failure to prosecute those actions diligently, demonstrates an abuse of process by Mr. Ferguson deserving of a sanction. Therefore, from the date of this order, *Mr. Ferguson will be required to obtain prior approval from this court before filing any future 42 U.S.C. § 1983 actions.*

*Ferguson v. Dier–Zimmel,* 809 F.Supp. 668, 672 (E.D.Wis.1992) (emphasis added). The mandate of the court's December 7, 1992, decision and order stated, in part:

IT IS FURTHER ORDERED, pursuant to Rule 11, Federal Rules of Civil Procedure, that from the date of this order the clerk of this court will not accept for filing any new 42 U.S.C. § 1983 actions submitted by Mr. Ferguson *without prior approval of a judge of this court.*

*Id.* (emphasis added).

Since this court's December 7, 1992, decision and order (less than a two year period), Mr. Ferguson has attempted to file *twelve* 42 U.S.C. § 1983 actions in the Eastern District of Wisconsin. Mr. Ferguson has not been permitted to file any of these actions because he has consistently failed to comply with the court's December 7, 1992, order requiring him to demonstrate, by means of seeking advance authorization from a judge of this court, that the particular action he contemplates filing is submitted in good faith and not merely for purposes of harassment.

In his present motion, Mr. Ferguson seeks, for a *third* time, reconsideration of the court's December 7, 1992, order. There is nothing in Mr. Ferguson's submission that convinces the court that its December 7, 1992, decision and order should be modified in any manner. Therefore, his motion will be denied.

I note in closing that nothing in this order precludes Mr. Ferguson from attempting to file a new civil rights action if he abides by the requirement of seeking advance authorization from a judge of this court when filing a new complaint, and, the complaint, prima facie, appears to be filed in good faith.

Mr. Ferguson's preclusion from filing new civil rights actions in this district stems not from this court's December 7, 1992, decision and order, but rather, from the frivolous nature of the actions filed by Mr. Ferguson. It is highly unlikely that Mr. Ferguson has been subjected to *twenty-six* separate civil rights violations, by multiple defendants, between March 29, 1990, and the present date as his past filings, and his recent attempted filings, would appear to suggest. Thus, Mr. Ferguson will be permitted to file future civil rights actions in this district only when he follows the pre-authorization mechanism described above, *and* his complaints appear on

their face to be filed in good faith and have some arguable merit.

Therefore, IT IS ORDERED that Mr. Ferguson's "Motion for Relief from Judgement [sic] or Order" be and hereby is denied.