

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-16-00327-CV

**EFSTRATIOS PISTIKOPOULOS,**

                                                  **Appellant**

 **v.**

**TEXAS A&M UNIVERSITY AND
KEN PAXTON, ATTORNEY GENERAL OF TEXAS,**

                                                  **Appellees**

_____

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 16-000526-CV-361

_____

## MEMORANDUM OPINION

_____

In one issue, appellant, Efstratios Pistikopoulos, argues that the trial court improperly granted a plea to the jurisdiction in favor of appellees, Texas A&M University and Ken Paxton, Attorney General of Texas, which allowed appellees to assert sovereign immunity for an alleged ultra-vires action. We affirm.

# I. BACKGROUND

This dispute stems from the same set of facts alleged in a prior appeal and corresponding mandamus in this Court. *See generally Vestal v. Pistikopoulos (In re Vestal)*, Nos. 10-16-00034-CV & 10-16-00035-CV, 2016 Tex. App. LEXIS 7958 (Tex. App.—Waco July 27, 2016, no pet.) (mem. op.). As noted in our prior opinion, Pistikopoulos filed a verified petition in the trial court requesting depositions of Kidron Vestal, a former staff member at Texas A&M University, under Texas Rule of Civil Procedure 202.[1] *See id.* at *2. Pistikopoulos alleged that Vestal falsely claimed that he harassed and tried to kiss her and that the allegations "harmed [his] reputation, and caused [him] to be investigated by his employer." *Id.* Additionally, in his petition, Pistikopoulos indicated that he wished to elicit deposition testimony from Vestal regarding statements she may have made about him to third parties because he believed that such testimony was necessary to "determine whether he has a claim for defamation, or any other tort actions, against Vestal." *Id.*

In our opinion in the prior appeal and mandamus, we determined that Pistikopoulos's petition was too broad because "[i]t is conceivable that the statements sought by Pistikopoulos could involve actions both within and outside the course and scope of Vestal's employment. . . . [And] such statements . . . could implicate immunity." *Id.* at **10-11. Accordingly, we concluded that the trial court erred in denying a plea to

---

[1] It is undisputed that Vestal left her employment with Texas A&M University and that she is not currently employed by another state agency.

the jurisdiction filed by Vestal and granting Pistikopoulos's Rule 202 petition. *Id.* at *12. However, we remanded the proceeding to the trial court to allow Pistikopoulos an opportunity to amend his petition to avoid immunity or other undiscoverable issues. *Id.*

Concurrently with his Rule 202 petition, Pistikopoulos also filed an action against appellees seeking a declaration that Vestal is not entitled to representation by the Texas Attorney General in a Rule 202 action. Appellees responded by filing original and amended pleas to the jurisdiction. In their amended plea to the jurisdiction, appellees contended that: (1) Pistikopoulos lacks standing to challenge the Attorney General's representation of Vestal because his "claim is a generalized grievance" and that he has no injury distinct from anybody else"; (2) Pistikopoulos failed to plead a waiver of sovereign immunity; and (3) to the extent that Pistikopoulos alleged an ultra-vires claim, it fails to confer subject-matter jurisdiction After a hearing, the trial court granted appellees' amended plea to the jurisdiction. This appeal followed.

## II.    STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea based on immunity challenges the trial court's subject-matter jurisdiction. *Id.*; *see State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). Whether the trial court has subject-matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject-matter jurisdiction are questions of law

that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do, even those facts which may implicate the merits of the cause of action. *Id.* at 227.

A trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. *Id.* at 228; *see* TEX. R. CIV. P. 166a(c). The governmental unit is required to meet the summary judgment standard of proof for its assertion that the trial court lacks jurisdiction. *Miranda*, 133 S.W.3d at 228. Once the governmental unit meets its burden, the plaintiff is then required to show that there is a disputed material fact regarding the jurisdictional issue. *Id.* If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea to the jurisdiction and leave its resolution to the factfinder. *Id.* at 227-28. But, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. "In

considering this evidence, we 'take as true all evidence favorable to the nonmovant' and 'indulge every reasonable inference and resolve any doubts in the nonmovant's favor.'" *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009) (quoting *Miranda*, 133 S.W.3d at 228).

## III. ANALYSIS

In his sole issue on appeal, Pistikopoulos contends that the trial court erred in granting appellees' amended plea to the jurisdiction because the Texas Attorney General has no legal authority to represent a Rule 202 deponent in the trial court. And because the Texas Attorney General purportedly had no legal authority to represent Vestal in the trial court, appellees engaged in an ultra-vires act that is an exception to the doctrine of sovereign immunity.[2]

"Standing is a constitutional prerequisite to maintaining suit in either federal or state court." *Williams v. Lara*, 52 S.W.3d 171, 178 (Tex. 2001) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)). Standing "focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). Essentially, parties have standing when they are personally aggrieved, regardless of

---

[2] Pistikopoulos makes no argument that the trial court erred in dismissing Texas A&M University; therefore, any complaints as to Texas A&M University are waived. *See In re M.H.*, 319 S.W.3d 137, 148 (Tex. App.—Waco 2010, no pet.) (citing *Robertson v. Sw. Bell Yellow Pages, Inc.*, 190 S.W.3d 899, 903 (Tex. App.—Dallas 2006, no pet.); *Beard v. Beard*, 49 S.W.3d 40, 67 (Tex. App.—Waco 2001, pet. denied)).

whether they are acting with legal authority. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996) (holding that the standing doctrine requires that there be (1) "a real controversy between the parties," that (2) "will be actually determined by the judicial declaration sought"). The complained-of injury "must be concrete and particularized, actual or imminent, not hypothetical." *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304-05 (Tex. 2008) (footnotes omitted); *see Tex. Lottery Comm'n v. Scientific Games Int'l, Inc.*, 99 S.W.3d 376, 380 (Tex. App.—Austin 2003, pet. denied) (holding that "[t]o establish standing, one must show a justiciable interest by alleging an actual or imminent threat of injury peculiar to one's circumstances and not suffered by the public generally"); *see also Elizondo v. Tex. Natural Res. Conservation Comm'n*, 974 S.W.2d 928, 932 (Tex. App.—Austin 1998, no pet.) (citing *Warth v. Seldin*, 422 U.S. 490, 498-99, 95 S. Ct. 2197, 2204-05, 45 L. Ed. 2d 343 (1975) (noting that the general standard for determining whether a plaintiff has standing is whether she has such a personal stake in the outcome of the controversy as to warrant invocation of the court's jurisdiction and to justify exercise of the court's remedial powers on her behalf)).

"Generally, a citizen lacks standing to bring a lawsuit challenging the lawfulness of governmental acts." *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 7 (Tex. 2011) (citing *Brown v. Todd*, 53 S.W.3d 297, 302 (Tex. 2001)). "Thus, '[s]tanding doctrines reflect in many ways the rule that neither citizens nor taxpayers can appear in court simply to insist that the government and its officials adhere to the requirements of law." *Id.* (quoting

CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 3531.10 (3d ed. 2008)).

A plaintiff cannot establish standing by asserting a generalized grievance or, in other words, a general harm to every citizen's interest in the proper application of the law and seeking "relief that no more directly . . . benefits him than the public at large." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

In his declaratory-judgment action, Pistikopoulos alleged that the Attorney General did not follow the law in assigning a lawyer to represent Vestal in a Rule 202 proceeding. Specifically, Pistikopoulos asserted:

> Plaintiff seeks a declaratory judgment from this Court, pursuant to Texas Civil Practice & Remedies Code section 37.004, that Ms. Vestal is not entitled to representation by the Texas Attorney General in a 202 Action under section 104.004 of the Texas Civil Practices and Remedies Code, or under any other applicable Texas law or regulation. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 and § 104.004.

(Emphasis in original). This allegation is a generalized grievance because Pistikopoulos has no injury distinct from anybody else. In his petition, Pistikopoulos failed to adequately explain how he was harmed by the Attorney General's representation of Vestal. He did not allege that Vestal could not be represented by counsel in a Rule 202 proceeding; rather, he complained that the Attorney General was her lawyer.

Additionally, case law shows that Pistikopoulos lacks standing to complain about the Attorney General's representation of Vestal in this matter because he has no "legally protected interest" in the identity of Vestal's counsel. *See Schneider v. County of Will*, 123 Fed. App'x 715, 716-717 (7th Cir. 2005) (order) (concluding that plaintiffs lack standing to

disqualify county defendants' attorneys because plaintiffs cannot show that the representation of those particular lawyers harmed them); *Arbing v. Parker*, No. 90-2463, 1991 U.S. App. LEXIS 26307, at **7-8 (7th Cir. Oct. 24, 1991) (order) (not designated for publication) ("Arbing's attempt to remove the Attorney General from this case is a challenge to an essentially discretionary decision. Allen held that separation of powers concepts counsel against finding standing where a plaintiff '[seeks] a restructuring of the apparatus established by the Executive Branch to fulfill its legal duties." Thus, Allen lacks standing to challenge the Attorney General's representation of the defendant state employees." (internal citations omitted)); *O'Connor v. Jones*, 946 F.2d 1395, 1399-1400 (8th Cir. 1991) (noting that a party lacks standing to seek disqualification of another party's lawyer, absent ethical concerns); *Clardy v. Mullens*, No. 12-cv-11153, 2013 U.S. Dist. LEXIS 150510, at **4-5 (E.D. Mich. Oct. 19, 2012) (noting that a plaintiff lacks standing to challenge the Attorney General's representation of a former Michigan Department of Corrections ("MDOC") employee); *Jensen v. Satran*, 633 F. Supp. 1187, 1188 (D. N.D. 1986) ("This court does not have the authority or inclination to supervise the defendants in their respective choices of counsel. Nor is this court empowered to pass on those powers or responsibilities delegated to Assistant Attorneys General by their superiors. . . . This court is not the appropriate forum.").[3]

---

[3] The Texas Supreme Court has explicitly authorized looking to federal case law when addressing issues of standing. *See Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2001) ("[W]e may look to the similar federal standing requirements for guidance."); *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444

And finally, as mentioned earlier, Pistikopoulos complained in his original petition that Vestal was not entitled to representation in the Rule 202 action. However, Pistikopoulos mentions in his appellate brief that, in response to his Rule 202 petition, Vestal gave her deposition on November 1, 2016. For a plaintiff to have standing, a controversy must exist between the parties at every stage of the legal proceedings, including the appeal. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S. Ct. 104, 106-07, 95 L. Ed. 36 (1950); *see also Williams*, 52 S.W.3d at 184. If a controversy ceases to exist or, in other words, "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," then the case becomes moot. *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183, 71 L. Ed. 2d 353 (1982); *see Williams*, 52 S.W.3d at 184. Because Vestal has given her deposition, Pistikopoulos's Rule 202 action is over. And because his Rule 202 action is now over, Pistikopoulos's complaints in this matter are moot. *See Murphy*, 455 U.S. at 481, 102 S. Ct. at 1183; *Munsingwear, Inc.*, 340 U.S. at 39, 71 S. Ct. at 106-07; *see also Williams*, 52 S.W.3d at 184. Therefore, based on the foregoing, we cannot say that the trial court erred in granting appellees' amended plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 226-28. Accordingly, we overrule Pistikopoulos's sole issue on appeal.

---

(Tex. 1993) ("Because standing is a constitutional prerequisite to maintaining suit under both federal and Texas law, we look to the more extensive jurisprudential experience of the federal courts on this subject for any guidance it may yield.").

## IV. CONCLUSION

We affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed March 1, 2017
[CV06]

